UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIMMARIE NORMAN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>-against-<br><br>THREE IN ONE EQUITIES, LLC,<br><br>        Defendant. | Case No. 1:22-cv-03173 (JLR)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  On April 18, 2022, Kimmarie Norman ("Plaintiff") commenced this action against Three In One Equities, LLC ("Three In One" or "Defendant") and 3 Star Deli Grocery Inc. ("3 Star Deli"). ECF No. 6. Plaintiff alleged that Three In One and 3 Star Deli's place of public accommodation violated the Americans with Disabilities Act and several provisions of state and local law. *Id.* The case was later reassigned to the undersigned. ECF No. 31. On April 5, 2023, Plaintiff stipulated to the voluntary dismissal of 3 Star Deli without prejudice. ECF No. 49.

  On October 2, 2023, Plaintiff moved for default judgment against Defendant. ECF No. 86. On November 1, 2023, Magistrate Judge Cott granted Plaintiff's motion for an extension of time to serve the default-judgment papers. ECF No. 100. Plaintiff filed proof of such service on November 10, 2023. ECF Nos. 101-02. Defendant filed no opposition to Plaintiff's motion.

  On February 8, 2024, Magistrate Judge Cott issued a Report and Recommendation advising that Plaintiff's motion for default judgment should be granted and that Plaintiff should be awarded permanent injunctive relief, damages, attorney's fees, and costs. ECF No. 123 (the "Report") at 1. The Report warned, in bold and all-caps font, that failure to timely object would result in a waiver of objections and preclude appellate review. *Id.* at 22. Plaintiff thereafter filed

1

a document attesting that she mailed a copy of the Report to Defendant on February 17, 2024. ECF No. 105; *see* Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address – in which event service is complete upon mailing").

Ordinarily, a party must file objections to a magistrate judge's recommended disposition within 14 days after the party is served with a copy of the recommended disposition. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). But "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) . . . , 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). Hence, the deadline to respond to the Report was 17 days (14 days plus 3 days) after February 17, 2024 (the date when Plaintiff mailed the Report to Defendant, thereby completing service under Rule 5(b)(2)(C)). Thus, Defendant's objections to the report were due on March 5, 2024. That date has now passed, and no objections have been filed to the Report. For the following reasons, the Court adopts the Report in full (with one clarification, discussed below).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Trinidad v. 62 Realty, LLC*, No. 22-cv-00101 (JLR), 2023 WL 8005778, at *1 (S.D.N.Y. Nov. 17, 2023) (citation omitted). A party's "failure to object timely to a report waives any further judicial review of the report" so long as the party received "clear notice of the consequences of the failure to object." *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotation marks and citation omitted).

Here, neither party has submitted objections to the Report. The Court therefore reviews the Report for clear error. *See Trinidad*, 2023 WL 8005778, at *1. The Court finds that the Report's reasoning is sound, grounded in fact and law, and not clearly erroneous, except for one item requiring clarification. The Report recommends that Plaintiff receive $1,000 in compensatory damages, *see* Report at 15, $500 in statutory damages, *see id.* at 17, $28,092 in attorney's fees, *see id.* at 20, and $597.66 in costs, *see id.* The sum of those four figures is $30,189.66. In the introduction, the Report states that Plaintiff "should be awarded damages, attorney's fees, and costs in the amount of $28,689.66." *Id.* at 1. In the conclusion, however, the Report recommends that the Court award Plaintiff "damages in the amount of $1,500, and attorney's fees and costs in the amount of $28,689.66." *Id.* at 21. Based on the Report's line-item recommendations, the Court believes that the statement on Page 21 is the correct description of the award. On that understanding, the Court ADOPTS the thorough and well-reasoned Report in its entirety.

The Clerk of Court is respectfully directed to terminate the pending motions (ECF Nos. 86, 97) and enter judgment in favor of Plaintiff in the total amount of $30,189.66, as set forth herein. In light of the clear notice provided in the Report, the lack of any timely objections precludes appellate review of this decision. *See Frank*, 968 F.2d at 300.

Dated: March 6, 2024
      New York, New York

                                      SO ORDERED.

                                      JENNIFER L. ROCHON
                                      United States District Judge